J-A18007-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| H.E., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| D.B., | : | |
| | : | |
| Appellant | : | No. 276 MDA 2014 |

Appeal from the Order entered on January 10, 2014
in the Court of Common Pleas of Centre County,
Civil Division, No. 2004-2845

BEFORE: LAZARUS, WECHT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED AUGUST 01, 2014**

D.B. ("Father") appeals from the trial court's Order denying his Petition to modify the custody Order regarding his daughter, L.R.B. ("Child"). We affirm.

Child was born on August 19, 2003, to Father and H.E. ("Mother"). Mother and Father, who never married, separated when Child was approximately nine months old. The parties have contested custody of Child since they separated. In August 2011, the trial court entered the current custody Order that stated that the parties share legal custody of Child, and Mother has primary physical custody subject to periods of partial physical custody for Father.

On May 15, 2013, Father filed a Petition for Modification of Custody and a Motion for Appointment of a Guardian *Ad Litem*. The trial court held

hearings on August 14, August 19, and October 4, 2013. On August 19, 2013, Father made an oral Motion to Disqualify Mother's counsel based upon counsel's personal relationship with Child. The trial court denied the Motion to Disqualify. On October 4, 2013, after the parties agreed that counsel would not be present, the trial court judge alone questioned Child in her chambers. Subsequently, on January 10, 2014, the trial court denied Father's Petition for Modification.[1]

Father filed a timely Notice of Appeal and a Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement. The trial court issued an Opinion.

On appeal, Father raises the following questions for our review:

I. Whether the trial court erred as a matter of fact and law regarding its analysis of the factors contained in 23 Pa.C.S.A. [§] 5328?

   A. Whether the trial court's conclusions were unreasonable and not supported by competent evidence?

   B. Whether the trial court erred in its application of 23 Pa.C.S.A. [§] 5328 to the facts?

II. Whether the trial court erred in failing to disqualify Mother's attorney upon oral Motion after a conflict of interest between Mother's counsel and [] Child was made known to the [trial] court, resulting in Father's counsel being prohibited from interrogating [] Child consistent with Pa.R.C.P. [] 1915.11 such that the record regarding [] Child's testimony, upon which the [trial] court relied, was a record developed by the [trial] court thereby depriving Father of due process?

---

[1] The trial court previously denied Father's Motion for Appointment of a Guardian *Ad Litem*.

Brief for Appellant at 6 (some capitalization omitted).

Our standard of review is as follows:

In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law or are unreasonable in light of the sustainable findings of the trial court.

*C.R.F., III v. S.E.F.*, 45 A.3d 441, 443 (Pa. Super. 2012) (citation omitted).

The primary concern in any custody case is the best interest of the child. *See Landis v. Landis*, 869 A.2d 1003, 1011 (Pa. Super. 2005) (citations omitted); *see also Jackson v. Beck*, 858 A.2d 1250, 1252 (Pa. Super. 2004) (stating that "a party requesting modification must prove that the alteration of an existing custody arrangement is in the child's best interest"). This standard, decided on a case-by-case basis, requires consideration of all factors that legitimately have an effect upon the child's physical, intellectual, moral, and spiritual well-being. *See Arnold v. Arnold*, 847 A.2d 674, 677 (Pa. Super. 2004).

Relevant to this case are the best interest factors set forth in Section 5328(a) of the Child Custody Act, 23 Pa.C.S.A. §§ 5321-5340, which provides:

**§ 5328.  Factors to consider when awarding custody.**

**(a)  Factors.--**In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

> (1)  Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.
>
> (2)  The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.
>
> …
>
> (3)  The parental duties performed by each party on behalf of the child.
>
> (4)  The need for stability and continuity in the child's education, family life and community life.
>
> (5)  The availability of extended family.
>
> (6)  The child's sibling relationships.
>
> (7)  The well-reasoned preference of the child, based on the child's maturity and judgment.
>
> (8)  The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9)  Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10)  Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11)  The proximity of the residences of the parties.

(12)  Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13)  The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another.  A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14)  The history of drug or alcohol abuse of a party or member of a party's household.

(15)  The mental and physical condition of a party or member of a party's household.

(16)  Any other relevant factor.

23 Pa.C.S.A. § 5328(a).  This Court has held that "**[a]ll** of the factors listed in Section 5328(a) are required to be considered by the trial court when entering a custody order."  **J.R.M. v. J.E.A.**, 33 A.3d 647, 652 (Pa. Super. 2011) (citation omitted, emphasis in original).

In his first claim, Father contends that the trial court failed to properly analyze and apply the provisions of 23 Pa.C.S.A. § 5328(a) in its denial of his Petition for Modification of the custody Order.  Brief for Appellant at 16-36.  Father sets forth various findings, which he considers to be inaccurate

and improper, including the following: the trial court's conclusion under section 5328(a)(1) that Mother was more likely to encourage continuing contact between Child and Father; the trial court's conclusion under section 5328(a)(12) that the ability to make appropriate childcare arrangements for Child weighed in favor of Mother; and the trial court's conclusion under section 5328(a)(13), *i.e.*, that the level of conflict between the parties and the willingness to cooperate with one another weighed in favor of Mother. *Id*. at 16-17, 22-34.

Here, the trial court individually addressed each of the factors set forth in Section 5328(a) and determined that a modification of the child custody Order was not in Child's best interests. *See* Trial Court Opinion, 1/10/14, at 1-9. Father is essentially asking this Court to usurp the trial court's factual and credibility determinations. However, "with regard to issues of credibility and weight of evidence, we must defer to the presiding trial judge…." *C.R.F. III*, 45 A.3d at 443. Upon our review of the competent evidence in the record, we conclude that the trial court properly analyzed all of the Section 5328(a) factors in denying Father's Petition for Modification of the custody Order. *See M.J.M. v. M.L.G.*, 63 A.3d 331, 337 (Pa. Super. 2013) (concluding that competent evidence supported the trial court's custody order and that this Court would not reweigh the trial court's findings

and credibility determinations with regard to the section 5328(a) factors).[2]

In his second claim, Father contends that the trial court erred in failing to disqualify Mother's counsel after counsel revealed her relationship with Child. Brief for Appellant at 39-43. Father argues that this conflict resulted in both parties' counsel being prohibited from questioning Child, in violation of Pennsylvania Rule of Civil Procedure 1915.11(b). Brief for Appellant at 39-40, 43-44. Father further argues that he did not voluntarily waive the presence of his counsel during the questioning as required under Civil Rule 1915.11(b), but instead did so under duress. Brief for Appellant at 44-45. Father asserts that his due process rights were violated, as the trial court

---

[2] We note that Father also raises numerous other claims regarding the trial court's analysis of the section 5328(a) factors, including the trial court's conclusion under section 5328(a)(5), relating to the availability of extended family, was a neutral factor in this case; the trial court's conclusion under section 5328(a)(8), relating to attempts to turn Child against the other party, weighed in favor of Mother; the trial court's conclusion under section 5328(a)(10) that Mother was more likely to attend to Child's physical and emotional needs; the trial court's conclusion under section 5328(a)(14), relating to history of drug and alcohol abuse, was a neutral factor as Mother did not offer any evidence of her history; the trial court's conclusion under section 5328(a)(15), relating to the mental and physical condition of the parties, was a neutral factor as Mother's family suffers from various mental disorders and Mother suffered from depression; and the trial court's failure to consider other factors under section 5328(a)(16), such as Mother's questionable decisions with regard to Child's safety and her unsubstantiated claims that Father was a drug dealer in rendering its decision. Brief for Appellant at 18-21, 35-38. However, Father failed to include these claims in his Rule 1925(b) Concise Statement; thus, the claims are waived on appeal. *See Klos v. Klos*, 934 A.2d 724, 731 (Pa. Super. 2007) (stating that claims not raised in father's Pa.R.A.P. 1925(b) concise statement are waived). Nevertheless, as noted above, the trial court addressed each of the factors under section 5328(a), and its conclusions were supported by competent evidence. Thus, we will not disturb its factual and credibility determinations.

placed great weight on Child's preferences gained from the *in camera*

questioning. *Id*. at 39, 45-46.

Civil Rule 1915.11(b) provides as follows, in relevant part:

**Rule 1915.11. Appointment of Attorney for Child. Interrogation of Child. Attendance of Child at Hearing or Conference**

* * *

(b) The court may interrogate a child, whether or not the subject of the action, in open court or in chambers. The interrogation shall be conducted in the presence of the attorneys and, if permitted by the court, the parties. The attorneys shall have the right to interrogate the child under the supervision of the court. The interrogation shall be part of the record.

Pa.R.C.P. 1915.11(b); *see also Ottolini v. Barrett*, 954 A.2d 610, 615 (Pa.

Super. 2008) (stating that a trial court must abide by the terms of Pa.R.C.P.

1915.11(b)).

Prior to Child's testimony, counsel for the parties stated the following:

[Father's Counsel]: … Being mindful of the [R]ule 1915.11, Interrogation of the Child, the parties agree that the attorneys will not be present during the time that the [trial c]ourt will be speaking with [Child].

The Court: And that's on agreement of the parties.

[Father's Counsel]: That is by agreement of the parties. The attorneys have chosen not to be in the presence of the [trial c]ourt while the [trial c]ourt questions [Child] and both attorneys are okay with that. The attorneys shall have the right to interrogate the child is what the rule says. [Father] has submitted proposed interrogatories, which the [trial c]ourt has reviewed and we believe that those interrogatories in some form, subject to the [trial c]ourt's discretion, will be asked of [Child]. So, counsel for [Father] agrees that he will not exercise his right to interrogate [Child] but rather, given the proposed

interrogatories, will ask those questions subject to the [trial c]ourt's discretion. The [trial c]ourt's colloquy or interrogation of [Child] will be on the record and the transcript will be made. And that's all by agreement of the parties.

[Mother's Counsel]: Agreed.

N.T., 10/4/13, at 2-3.

Here, the parties agreed to forego their right to attend the interrogation of Child under Civil Rule 1915.11. Contrary to Father's claims, there is no evidence in the record to establish that this waiver was provided under duress. Indeed, Father's counsel stated that he was providing the waiver with the understanding that counsel submitted written questions to be asked of Child by the trial court in the *in camera* hearing. **See** Trial Court Opinion, 2/18/14, at 2 (wherein the trial court stated that it substantially covered the material in the written questions provided by Father when questioning Child). Furthermore, Father has not demonstrated that he was prejudiced by his counsel's absence from the interrogation, as Child testified that she desired to spend more time with Father. **See** N.T., 10/4/13, at 8-10, 17; **see also** Trial Court Opinion, 1/10/14, at 5 (wherein the trial court stated that the well-reasoned preference of Child was to spend more time with Father and that this factor under section 5328(a)(7) weighed in favor of Father). Finally, based upon Father's voluntary waiver of counsel's right to attend the interrogation, we conclude that the trial court properly denied the Motion to Disqualify Mother's counsel. Based upon the foregoing, Father's claim is without merit.

J-A18007-14

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/1/2014